# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DELVONN BATTLE, <br><br> Defendant. | Case No. CR13-2005 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 22nd day of March, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Amy M. Koopmann. The Defendant appeared personally and was represented by attorney, Anne M. Laverty.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 26, 2013, Defendant Delvonn Battle was charged by Indictment (docket number 2) with possession of a firearm as a felon. At the arraignment on March 20, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on May 20, 2013.

At the hearing, Waterloo Police Officer Spencer Gann testified regarding the circumstances underlying the instant charge. On January 13, 2012, Gann conducted a traffic stop on a vehicle for having a license plate light violation. There were three persons in the vehicle, including Defendant, who was sitting in the front passenger seat. A canine arrived on the scene, and officers asked the vehicle's occupants to exit the car. The backseat passenger took off running, but was shortly apprehended by Gann.

Officers searched the vehicle and found a firearm under the front passenger seat. All three occupants of the vehicle were interviewed by law enforcement, and all three

initially denied knowledge of the firearm. The backseat passenger was interviewed a second time by officers. During his second interview, he stated that the firearm belonged to Defendant. Law enforcement also learned that the firearm was connected to a shooting in Des Moines. According to Officer Gann, a witness to the shooting identified Defendant as the shooter.

According to the pretrial services report, Defendant is 31 years old. He was born in Chicago, Illinois, and moved to Des Moines, Iowa, when he was 13. In January 2013, Defendant moved to Eau Claire, Wisconsin, to live with his brother. If released, Defendant intends to continue living in Eau Claire with his brother. Defendant has been married to Kristina Battle since 2006, and they have one child together. Defendant also has two additional children from two separate relationships. Both children reside with their respective mothers in Des Moines and Liberal, Kansas. Defendant told the pretrial services officer that his wife, their daughter, two stepchildren, and niece intended to move to Eau Claire "soon."[1]

Defendant is currently unemployed. He was last employed in the spring of 2012 in Des Moines. Defendant told the pretrial services officer that he has been a full-time student since 2009, and is currently attending Chippewa Valley Technical College in Eau Claire. Defendant is in good physical health. According to Defendant, he suffered from panic attacks in 2010, and received treatment for approximately one year. Defendant reported that he rarely consumes alcohol and stated that alcohol has never been problematic.[2] Defendant also stated that he had not smoked marijuana for "several years,"

---

[1] Defendant's wife, Kristina Battle, testified at the hearing, and stated that she moved to Eau Claire at the beginning of March. It was unclear from her testimony whether their children also moved to Eau Claire at the beginning of March.

[2] According to his criminal record, however, Defendant was arrested for public consumption and public intoxication in July 2011.

but smoked marijuana one week ago when he learned about the warrant on the instant federal charge.

Defendant has an extensive criminal record. In May 1998, when he was 15 years old, Defendant was placed in the Iowa Training School for assault with intent to commit serious injury. He was paroled in March 1999, but his parole was revoked in July 1999. Defendant was discharged from the Training school in January 2000, shortly before he turned 18.

On May 12, 2000, Defendant was charged and later convicted of interference with official acts. On July 30, 2000, Defendant was charged in two separate cases with possession of crack cocaine and interference with official acts causing bodily injury. He received a suspended jail sentence and was given 1 year of probation. On June 7, 2001, while on probation, Defendant was charged and later convicted of interference with official acts. On June 14, 2001, Defendant's probation was revoked and he was sentenced to 12 days in jail. On September 19, 2001, a second violation of probation was filed against Defendant. The report does not reveal the nature of the violation. An arrest warrant was issued and later served on November 3, 2001. On the same date that the arrest warrant was served, and while on probation, Defendant was charged and later convicted of possession with intent to deliver crack cocaine. He was sentenced on February 8, 2002, and given a 10-year suspended prison term and 2 years probation. On February 12, 2002, Defendant's probation was revoked in the 2000 crack cocaine possession charge and 2000 interference with official acts charge. He was sentenced to 100 days in jail.

On June 14, 2002, a violation of probation charge was filed against Defendant. Apparently, Defendant walked away from a residential facility, because he was later charged with escape. An arrest warrant was issued and later served on August 3, 2002. The day before, on August 2, 2002, while on escape status, Defendant was charged in separate cases with interference with official acts and disorderly conduct. On August 12, 2002, Defendant's probation in the 2001 possession with intent to deliver charge was

3

revoked. Defendant was sentenced to 10 years in prison. He was paroled in March 2004, but his parole was revoked in August 2004. In September 2004, Defendant was placed on work release. On November 18, 2004, Defendant left his work release and was placed on escape status. On April 26, 2005. while on escape status, Defendant was charged and later convicted of interference with official acts, first degree harassment, and assault causing injury to peace officers. On June 30, 2005, Defendant was sentenced to 4 years of prison. On July 5, 2005, Defendant's work release in the 2001 possession with intent to deliver charge was revoked, and he was sent back to prison.

On February 13, 2008, Defendant was once again placed on work release. On May 22, 2008, while on work release, Defendant was charged and later convicted of possession of marijuana. On July 30, 2008, Defendant's parole was revoked in the 2001 possession with intent to deliver charge and 2005 interference, harassment, and assault charges. His sentences for all of those charges were discharged on February 2, 2009.

On July 19, 2009, Defendant was charged and later convicted of disorderly conduct, fighting or violent behavior. On September 26, 2009, while the disorderly conduct charge was pending, Defendant was charged with driving while barred. He failed to appear for arraignment, and a warrant was issued for his arrest.

On May 3, 2010, Defendant was charged and later convicted of third degree harassment. On July 4, 2010, Defendant was charged and later convicted with fourth degree criminal mischief, interference with official acts, and assault. On September 20, 2009, while the July 2010 charges were pending, Defendant was charged and later convicted of driving while barred.

On July 2, 2011, Defendant was charged with public consumption, public intoxication, and first degree harassment. He was sentenced to 2 years in prison on the harassment charge. He has not yet served this sentence, however, because he appealed

his conviction.[3] On January 8, 2012, while charges were pending, Defendant was charged and later convicted of public urination.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

---

[3] According to Defendant's proffer, the conviction was affirmed by the Iowa Court of Appeals, but he has asked for further review by the Iowa Supreme Court.

5

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm as a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, Defendant is a convicted felon. On January 13, 2012, Defendant was a passenger in a vehicle involved in a traffic stop. Law enforcement searched the vehicle and found a firearm under the front passenger seat, where Defendant had been sitting when the vehicle was stopped. The backseat passenger of the vehicle identified Defendant as possessing the firearm. Additionally, the firearm has been traced to a shooting in Des Moines. A witness to the shooting has identified Defendant as the shooter.

A felon in possession of a firearm constitutes a generalized danger to the community. Defendant lacks stable employment and a stable residence. Defendant has an extensive criminal record with a history of committing additional offenses while on pretrial release, probation, parole, and escape status. His probation and parole have been revoked on multiple occasions. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, his extensive criminal record, and history of committing offenses while on pretrial release, probation, parole, and escape status, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 20, 2013) to the filing of this Ruling (March 22, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 22nd day of March, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA